[Civ. No. 2912.   Second Appellate District, Division Two.—June 17, 1919.]

MRS. M. VERDIER, Respondent, v. THE TITLE GUARANTY & SURETY COMPANY (a Corporation), Appellant.

[1] PLEADING—ACTION ON PERFORMANCE BOND—SUFFICIENCY OF COMPLAINT.—In an action by the owner against the surety upon an indemnity bond given by the latter to the former to secure the performance by the contractor of a contract for the construction of a building, the complaint is insufficient where it fails to allege that plaintiff performed all the conditions and covenants required to be performed by her under her contract with the contractor.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

W. W. Kaye for Appellant.

E. L. Foster and Chas. A. Barnhart for Respondent.

THOMAS, J.—This is an action brought by plaintiff against defendant surety company upon an indemnity bond given by the latter to the former to secure the performance by the Aiken Reinforced Concrete Company of a contract for the construction of a three-story brick building. The bond was for $6,746.50. The case was tried by the court without a jury. Judgment went for plaintiff in the sum of three thousand two hundred dollars.

The amended complaint is in two counts, in the first of which appears what purports to be a copy of the indemnifying bond and a copy of the contract between the plaintiff and said Aiken Reinforced Concrete Company, set out *in extenso*, and the second realleging these same alleged facts which were set forth and referred to in paragraphs 1 and 2 of the first cause of action. Without quoting said instruments or any portion of the complaint, suffice it to say that the plaintiff prays for judgment against defendant for the sum of six thousand seven hundred dollars, and for her costs.

There was a demurrer to the complaint as amended. This demurrer was both general and special.

Appellant specifies fourteen errors at law occurring during the trial, and fifteen specifications of insufficiency of the evidence to support the findings of the court. In view of the fact that we are of the opinion that the first specification of error—the court's overruling of the said demurrer—referred to in the transcript and appellant's opening brief, is well taken, we do not consider that for the present any other point urged need be discussed.

[1] Nowhere in the amended complaint is it alleged, nor does the record contain any evidence, that the plaintiff herein performed *any*, much less all, of the covenants or conditions required to be performed by her under her contract with the contractor, the Aiken Reinforced Concrete Company. Notwithstanding this fact, the court, in finding VII, found: "That the plaintiff performed all the conditions and terms and agreements on her part to be performed with the Aiken Reinforced Concrete Company under said contract, provided to be by her kept and performed." The point is not urged by appellant, but we fail to find any evidence in the record to justify the find-

ing, even had the pleadings been such as to permit the reception of the same. We think that this failure to so allege is fatal to the present appeal.

The contract by its terms required the plaintiff to pay to said contractor the full sum of twenty-seven thousand dollars in six installments, as follows: The sum of $4,050 "when the foundations is in ready for the first floor joists"; the second installment of $4,050 "when the walls are up one story, and the second-story joists are in place"; the third installment of $4.050 "when the roof is on"; the fourth installment of $4,050 "when the plastering is completed"; the fifth installment of $4,038.50 "when the building is completed and accepted," and the sixth, and final, payment of $6,761.50 "thirty-five days after the acceptance of the building." Nowhere in the amended complaint is there an allegation that plaintiff has paid any of these installments to the said contractor as provided for in said contract, or otherwise or at all; and for aught that appears in the said amended complaint, the failure on the part of plaintiff to comply with any or all of said provisions may have been the reason for the failure and neglect of the contractor to complete the contract or agreement referred to, if, indeed, any such failure or neglect occurred. The demurrer should have been sustained.

We consider the citation of authorities unnecessary to support our conclusion.

The judgment is reversed and the lower court ordered to reverse its ruling overruling, and to sustain defendant's demurrer to the amended complaint herein, granting plaintiff leave to amend.

Finlayson, P. J., and Sloane, J., concurred.